## A. W. HARRELL v. H. KEMPER.

1. DISCOVERY.—Defendant, in support of a valid defense set up in his answer, filed therewith interrogatcries to support the same, which were not answered : *Held,* Error in the court to refuse to take such interrogatories as confessed. Nor is the error cured by the fact manifest in the record that the same facts were sustained by other testimony.

2. PLEADINGS—PRACTICE.—In the absence of a replication setting up facts in avoidance of a good defense pleaded in the answer, it is error to admit testimony avoiding the defense.

ERROR from San Jacinto. Tried below before the Hon. J. R. Burnett.

April 12, 1871, H. Kemper sued A. W. Harrell, jr., on

a promissory note for $1,000, gold, alleged to have been executed by Harrell on January 15, 1870, to one Mrs. Haden, in part payment for a tract of land, and by her transferred to plaintiff, being secured by vendor's lien upon the land.

The defendant pleaded (1) general denial; (2) denial that the note was in part payment for the land; (3) a plea of accord and satisfaction, in that the note had been discharged by giving in lieu thereof several small notes; (4) fraud in obtaining the note; and in addition to his answer Harrell filed interrogatories for discovery to Kemper, under art. 3748, Paschal's Dig., in support of his last two defenses.

No replication was made by plaintiff, nor were the interrogatories answered. On the trial the court refused to take the interrogatories attached to the answer as confessed. Plaintiff read in evidence the note described in the petition.

J. E. Haden, for plaintiff, testified " that the note sued on (the same being then shown him) was given for part of the purchase-money of the tract of land described in the petition. The original note, of which the one in evidence was a true copy, was destroyed by witness, the plaintiff having accepted fourteen small notes executed by Harrell (defendant) as substituted claims for said note; that the small notes executed by Harrell to Kemper were signed by Harrell on Sunday; that afterwards Kemper wished to trade the notes (the small notes) to witness, who was then agent for an insurance company. Witness told Kemper he would try to get the company to accept the claim if he would get Harrell to execute one note, a true copy of the original $1,000 note; that Harrell executed the note sued on in lieu of the said note, and himself took the fourteen small notes. Witness tried to get the insurance company to accept the same, but they refused to do so. The plaintiff and defendant had other pecuniary transactions, I do not know what, at this time. The note sued on was executed by Harrell in the presence of witness and plaintiff, and was in lieu of the fourteen small notes."

The defendant then introduced three judgments in favor of W. Kemper, the plaintiff, against defendant, rendered before a justice of the peace April, 1871, and each for $98.73 and costs. The defendant, by bills of exceptions, saved objections to the court refusing to take his interrogatories as confessed, and in admitting Haden's testimony as to the note being executed for the land....

Harrell brings the case by writ of error to this court.

*Hancock, West & North*, for appellant.

*Jackson & Jackson*, for appellee.

ROBERTS, CHIEF JUSTICE.—The court erred in not allowing the interrogatories propounded by Harrell to Kemper to be taken as confessed, because they were attached to his answer, filed in the case, and were pertinent to support a good defense pleaded, that the note sued on had been settled and discharged by giving in lieu of it a number of small notes.

It may be said that the evidence of Haden, offered by the plaintiff below, Kemper, established for the defendant, Harrell, the facts sought to be established by the answers of Kemper, and thereby cured the error of the court in not allowing the interrogatories to be taken as confessed, and that a verdict and judgment was rightly obtained for Kemper by the additional evidence of Haden in avoidance of the effect of such answers, if they had been made, as sought by Harrell. It may, however, well be objected to this that the facts in avoidance of the defense, as proved by Haden, were not alleged by Kemper in avoidance of Harrell's defense as pleaded by him, and that if he had had notice of them by their being plead, he might have set up and established in proof a defense of them.

From a view of the whole of the evidence, it is probable that the justice of the case was reached, still not in such manner as to make it certain that the error of the court

pointed out was entirely immaterial, which would have to be held to sustain the judgment.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.