B. F. FRIEND ET AL. v. W. V. MILLER.

(Case No. 4641.)

1. PRACTICE — DEPOSITIONS — EVIDENCE — PRO CONFESSO.— In a suit brought by one who sought a recovery of the value of his goods, alleged to have been seized and wrongfully converted under color of legal process, to satisfy a judgment held by defendants against one D. F. Fore, the defendants propounded to plaintiff the following direct interrogatories, his refusal to answer which was properly certified to, viz.: "Int. 3. Is it not a fact that D. F. Fore furnished you money, either directly or indirectly, by himself or through some other person, to buy said goods?" "Int. 4. Is it not a fact that you agreed with D. F. Fore to carry on his business in your name?" The pleadings of defendants set up in substance that Fore had entered into a conspiracy with plaintiff to hinder and delay defendants in the collection of their debt against Fore, by carrying on in plaintiff's name a mercantile business on money furnished by Fore, while Fore was the real owner of the goods. *Held,* that the matter involved in the interrogatories must be taken as confessed under the statute (R. S., 2243), and the failure to answer was equivalent to full proof that Fore furnished the money to buy the goods, and that they really belonged to Fore.

2. EVIDENCE — PLEADING.— In such a suit the petition alleged that one of the defendants, pretending to act as sheriff, by virtue of an execution which he pretended to hold, seized the goods. The defendants, after their general denial, set up a judgment, but failed to set out fully the execution and levy under it, though, without objection on the trial, they were permitted to show a valid judgment, execution, levy and sale. *Held,* that the pleadings, taken together, authorized the admission of evidence that the goods were seized under a valid execution and their sale to satisfy it.

ERROR from Coryell. Tried below before the Hon. T. L. Nugent.

Defendant in error brought suit against B. F. Friend, M. Lasker and Jake Davis, the two latter composing the firm of Le Gierse & Co., alleging that he was, on April 5, 1881, engaged in the general mercantile and grocery business in Gatesville, Coryell county, Texas, and then owned a valuable stock of goods amounting to the value of $651.43½, out of which he could have made a large profit; that M. Lasker and Jake Davis, maliciously, wrongfully and fraudulently intending to ruin and defraud him, conspired and confederated with B. F. Friend, defendant, who was holding the office of sheriff of Coryell county, Texas, to vex, injure and defraud him; that Friend, pretending to act in his official capacity, by virtue of a pretended execution then by him held against one B. F. Fore, did levy on, seize and take into his possession all of said goods and did convert them to the use of defendant.

Defendant pleaded: 1. General demurrer. 2. General denial. 3. Plea setting up that defendant Le Gierse & Co. recovered, at the January term of the district court of Coryell county, a judgment

against D. F. Fore for about $350; that Fore was indebted to other parties in the sum of about $800; that Fore had converted his property into money for the purpose of defrauding his creditors, and was on 25th March, 1881, wholly insolvent, all of which facts were known to plaintiff; that Fore was trying to avoid the payment of his just debts, and particularly defendant, and that plaintiff fraudulently entered into a conspiracy with Fore to aid Fore in hindering and delaying the creditors of the latter, and particularly the defendant, in the collection of their debts; that plaintiff agreed with Fore that plaintiff was to purchase goods with money furnished by Fore, that plaintiff should hold himself out as the ostensible owner of said goods, when in truth they were the property of Fore, and that plaintiff was merely clerk for Fore.

Trial was had before the court without a jury, and judgment rendered for plaintiffs for the value of the goods, amounting to $600, with eight per cent. interest from date of conversion, besides costs of suit.

*Vardiman & Atkinson* and *J. C. Stone*, for plaintiffs in error.

*Parker & White* and *Clark & Dyer*, for defendants in error, on their proposition that the defendants had no pleadings admitting such evidence as would be afforded by taking the interrogatories to the plaintiff *pro confesso*, cited: Martel *v.* Hernsheim, 5 Tex., 205; Mims *v.* Mitchell, 1 Tex., 443; Paul *v.* Perez, 7 Tex., 345; Thompson *v.* Thompson, 12 Tex., 327; Lemmon *v.* Handley, 28 Tex., 115; Powell *v.* Davis, 19 Tex., 380.

STAYTON, ASSOCIATE JUSTICE.— The third and fourth interrogatories propounded to the plaintiff were such as he was bound to answer, and upon his refusing to do so they should have been taken as confessed. R. S., 2243. Taken as confessed, they are equivalent to full proof that D. F. Fore furnished the money with which the goods levied on by the sheriff under the execution in favor of Lasker and Davis were purchased, and that the goods really belonged to Fore and were therefore subject to execution, although the business was carried on in the name of Miller.

The other evidence in the case tended strongly to show that Fore was the owner of the goods, and that the business was carried on in the name of Miller in order to prevent their subjection to sale to satisfy the claims of Fore's creditors.

The pleadings of the plaintiff allege that " B. F. Friend, pretending to act in his official capacity of sheriff by virtue of a writ of

execution then pretended to be had and held by him against one D. F. Fore at the instigation of Lasker and Davis," seized the goods.

The defendants answered by a general denial, and further alleged the existence of a judgment in favor of Lasker & Davis, who composed the firm of "Le Gierse & Co.," for about the sum of $350 against Fore, rendered in the district court of Coryell county, but the answer did not set out fully the execution and levy. There was no exception to the answer, and under it, without any objection whatever, the defendants proved a valid judgment against Fore and in favor of Le Gierse & Co. for $355.90, rendered by the district court of Coryell county on the 20th of January, 1881; an execution under that judgment, which issued on the 5th of April, 1881, a levy thereof on the goods for the value of which the plaintiff sues, and their sale to satisfy the execution.

The pleadings, taken altogether, were sufficient to authorize proof to be made under them that the goods were seized under a valid execution in favor of Le Gierse & Co. by the sheriff, and that they were sold to satisfy it.

This being true, Miller, by his failure and refusal to answer the interrogatories propounded to him, must be held to have confessed that the goods were bought with the money of Fore, and that they actually belonged to him, and were therefore subject to the execution.

Under such state of facts a judgment should have been rendered for all the defendants; and as the cause was tried without a jury, the judgment of the court below will be reversed, and judgment will be here rendered that the plaintiff Miller take nothing by his suit, and that the defendants, Friend, Lasker and Davis, recover from him all costs in the court below and in this court; and it is so ordered.

REVERSED AND RENDERED.