JOHN R. WALLACE ET AL. v. H. B. PRUITT ET AL.

No. 19.

1. **Estoppel by Written Instrument.**—Appellants sued for 720 acres of land, part of the Skinner league, and showed that they were the heirs of B. R. Wallace, and proved a regular chain of title from the State to R. J. Towns, and then offered in evidence a document which had been duly recorded, of which the material parts are as follows: "Whereas, Benjamin R. Wallace and myself are the joint and equal owners of a league of land granted to Skinner, more particularly described in the deed from Nathaniel Robbins to me, recorded in Leon County; now know all men by these presents, that I, Robert J. Towns, do by these presents authorize and empower the said Wallace to sell any portion of said land, not exceeding half thereof, and to make title thereto in our joint names, and apply the proceeds thereof to his own use; the title to the purchaser to be made with special warranty." *Held,* the recitals in this instrument operate as an estoppel upon Towns, and his privies in blood, estate, and law.

2. **Construction of Instrument.**—This instrument was evidently intended to furnish a "basis for action" to Wallace, and "to contract" that the fact should be as stated; for it proceeds, in view of the fact of joint ownership, to clothe Wallace with full power to secure his interest out of the lands by a sale and execution of joint conveyance. As against Wallace and all parties claiming under him it would be admissible in evidence, for whether it created an estoppel or not, it certainly made a prima facie case.

3. **Effect of Recitals Against Strangers.**—Appellees pleaded not guilty, and limitation. They showed no title in themselves, but claimed that the recitals in the above instrument were not binding on them. When the paper was offered, the case stood thus: Legal title was in Towns, and appellants sought by this document to show that their ancestor had acquired title from him to an interest in the league. Appellees stood on their possession, and asserted title to be still in Towns. Any transaction the effect of which would be to vest Towns' title in Wallace was, for the mere purpose of deraigning title, admissible, though it might appear to be entirely between Towns and Wallace. The mere fact that appellees would not be bound by such transaction would not render it inadmissible to prove title.

4. **Who are Strangers to the Title.**—A person in possession, sustaining his possession by no other title than a denial that a former owner had parted with his right, is not a stranger. He becomes privy in estate to him whose title he maintains, and is concluded by what destroys it in his hands. Where the sole defense consists in maintaining an outstanding title, but an admission is shown which proves that this title had no existence, but that the title has passed to plaintiff, such admission binds not only the heirs and assignees of the person

making the admission, but all who seek protection under the shelter of his name.

**5. Declaration of a Trust.**—The absolute legal title being shown to be in Towns, the instrument was good as the declaration of a trust; that Towns was holding to the extent of one-half in trust for Wallace. There is no particular formality necessary in the creation of a trust, and the statute of frauds will be satisfied if the trust can be manifested by any subsequent acknowledgment by the trustee; therefore, even if we should hold that the legal title to one-half did not pass to Wallace by estoppel, the instrument is still sufficient to show an equitable title in Wallace to such half, entitling him to recover, until appellees show some superior right.

**6. Common Source—Tax Deed.**—A tax deed was shown to Pruitt for part of the land, sold as the property of an unknown owner. It was properly excluded. It did not show that defendants held under Towns, and if it had, appellants could not connect themselves with him without the instrument we have been considering. The rule as to common source has no application.

Appeal from Leon. Tried below before Hon. Norman G. Kittrell. The opinion states the case.

*John R. Arnold*, for appellants.—1. R. J. Towns having the title to the Skinner league, the excluded paper created an estoppel that ran with the land into whosesoever hands it thereafter came. Hardy v. De Leon, 5 Texas, 243; Kimbro v. Hamilton, 28 Texas, 567; 4 Pet., 88; Burk v. Turner, 79 Texas, 276.

2. Defendants, by asserting title to the land, bound themselves by all of Towns' acts and declarations till they clearly showed that they held by title anterior and superior to that found in Towns. 5 Texas, 243; 3 Washb. on Real Prop., 4 ed., sec. 25; 11 How., 297, 322–326; 79 Texas, 276.

3. Naked trespassers and possessors can not avoid the force of an estoppel by mere declarations that they are strangers to and do not claim to hold under the estopped person. Rev. Stats., art. 4802; Burns v Goff, 79 Texas, 239; 3 Washb. on Real Prop., 4 ed., sec. 49, and note 1; 1 Greenl. on Ev., 3 ed., 173, and note 7; 4 Pet., 88.

4. A less estate than a fee will support plaintiffs' cause. Rev. Stats., art. 561; 73 Texas, 296; 57 Texas, 96; 25 Texas, 131–133; 3 Lead. Cases Am. Law Real Prop., 463, 464.

5. The tax deed showed defendants to hold under Towns as a common source. 5 Texas, 243; 63 Texas, 150; 41 Texas, 22; Denn v. Cornell, 3 Johns. Cases, 173; 4 Pet., 86, 87; 3 Lead. Cases Am. Law Real Prop., 498.

*Frost & Etheridge*, for appellees.—An instrument which merely recites that "B. R. Wallace and myself are the joint and equal owners of the Skinner league," and which contains no words of conveyance, does not pass title, unless acted upon in such manner as to create an estoppel.

Rev. Stats., art. 552; Wright v. Lancaster, 48 Texas, 250; Brown v. Manter, 53 Am. Dec., 223; Wright v. Doherty, 50 Texas, 41; Williams v. Chandler, 25 Texas, 11; Shepard v. Hunsacker, 1 Posey U. C., 585. The recitals by R. J. Towns that "B. R. Wallace and myself are the joint and equal owners of the Skinner league," without proof that as a matter of fact they were joint and equal owners thereof, would not be evidence against strangers. Carver v. Jackson, 4 Pet., 1; Burk v. Turner, 79 Texas, 276; William v. Chandler, 25 Texas, 11; Wright v. Doherty, 50 Texas, 41; Morse v. Bellows, 28 Am. Dec., 379; 2 Starkie Ev., 22, 23.

WILLIAMS, ASSOCIATE JUSTICE.—Appellants sued appellees in the District Court of Leon County in trespass to try title, to recover 720 acres of land, a part of the M. Skinner league. Appellees pleaded not guilty and the statute of limitations. At the trial appellants showed that they were the heirs of B. R. Wallace, and proved a regular chain of title from the State to R. J. Towns. They then offered in evidence the following document, which had been duly recorded in Leon County:

"*The State of Texas, County of Travis.*—Whereas, Benjamin R. Wallace and myself are the joint and equal owners of several tracts of land, situate in Leon County, in this State, viz., a league of land granted to Skinner, a league of land granted to Midkiff, and one-half of the league of land granted to Allen, which tracts are more particularly described in the deed of Nathaniel Robbins to me, on record in the County Court of Leon County; now, know all men by these presents, that I, Robert J. Towns, do by these presents authorize and empower the said Wallace to sell any portion of said land, not exceeding one-half thereof, and to make title thereof in our joint names and apply the proceeds thereof to his own use; the title to the purchaser to be made with special warranty.

"Witness my hand and scroll for seal, this 20th day of November, 1855.

"R. J. TOWNS." [Seal]

Appellees objected to its admission in evidence; because, first, it was not a deed of conveyance; second, the recitals therein were not evidence against defendants, who rely on their possession, and are strangers thereto; third, it did not estop R. J. Towns, because not shown to have been acted upon. The court sustained the objections, and excluded the document, to which appellants duly excepted.

Appellants also offered a deed from the tax collector of Leon County to Pruitt, one of the defendants, for part of the land in controversy, reciting a sale and conveyance of it as the property of "an unknown owner," for the purpose of showing common source. This, upon objection that an unknown owner was not a common source, and that defendants relied upon their possession, was excluded. It was shown in con-

nection with this offer that the defendants, except one, claimed under Pruitt.

Thereupon judgment was rendered for appellees, the judge in his conclusions of law holding that the instrument did not connect appellants with the title shown to be in Towns. The appellees showed no title in themselves. From this judgment the present appeal is prosecuted, and the decisive question is, whether or not the instrument signed by Towns was sufficient to vest in Wallace title, legal or equitable, to an interest in the lands.

Appellants contend that the recital of a joint legal ownership in Wallace estopped Towns, and was admissible to show the acquisition of his legal title to one-half by Wallace; and that even if such recital has not the effect of an estoppel, it is prima facie evidence of such acquisition of title, and therefore admissible.

Appellants contend that the statement was only an ex parte admission of Towns, not shown to have been acted upon, and not evidence against them; and that even if it estopped Towns, it could have no effect against strangers to the instrument.

That the maker of a deed may be estopped to deny the truth of recitals therein, is a well settled doctrine of the common law.

Says Greenleaf: "In regard to recitals in deeds, the general rule is, that all parties to a deed are bound by the recitals therein, which operate as an estoppel, working on the interest in the land if it be a deed of conveyance, and binding both parties and privies; privies in blood, privies in estate, and privies in law. Between such parties and privies the deed or other matter recited need not at any time be otherwise proved, the recital of it in the subsequent deed being conclusive. Thus the recital of a lease in a deed of release is conclusive evidence of the existence of the lease against the parties and all others claiming under them in privity of estate." 1 Greenl. Ev., sec. 23.

Bigelow, after tracing the history of the rule, and showing that it arose from the peculiar efficacy once given to an instrument by the use of a seal, and referring to modern legislation dispensing with the use of seals, says: "In such States the question of estoppel by statements and recitals in written instruments must depend upon intention, to be determined (from the writing itself) by the consideration whether the statement or recital was designed to furnish a basis of action by the parties; in other words, whether they intended to bind themselves, to contract, that the facts should be as stated." Bige. on Estop., 269.

"Where the recital involves a contract, it estops; if it does not involve a contract, it operates only as a unilateral general admission, and is open to explanation. But a recital in a deed, though not estopping, may make, even against the heirs of the grantor, a prima facie case." 2 Whart. Ev., sec. 1040.

 The general doctrine of estoppel arising from recitals in deeds, has been recognized by our Supreme Court. Hardy v. De Leon, 5 Texas, 243, 244; Williams v. Chandler, 25 Texas, 11.

The instrument signed by Towns evidently came within the rules, above quoted from Bigelow and Wharton, for determining whether or not a particular recital works an estoppel against the grantor and his privies. It was evidently intended to " furnish a basis for action " to Wallace, and " to contract" that the fact should be as stated; for the instrument proceeds, in view of the fact of joint ownership, to clothe Wallace with full lawful power to secure his interest out of the lands by a sale, and the execution of joint conveyances by special warranty. The recital involved a contract with Wallace, which is stated by Wharton as the test by which its effect as an estoppel is to be determined. As against Towns, and all parties claiming under him, the instrument would therefore be admissible in evidence; and whether we hold that it would create against them an estoppel or not, it would certainly make a prima facie case.

The case of Burk v. Turner, 79 Texas, 276, is referred to by both parties. In that case there was no general discussion of the doctrine of estoppel by deed. Both parties claimed under one who had conveyed to two persons a land certificate, reciting in his deed a complete chain of title to himself.

The plaintiff proved no chain of title to this grantor, but relied on common source and the recital in the deed. The defendant, while holding title to one-half the land under this conveyance, also asserted that the common grantor had no chain of title, but that the title had remained in others, from whom such grantor claimed to have acquired it, and that as against them he (defendant) had perfected title by limitation.

The court say: " The recital of a particular fact is at least evidence against the parties to the conveyance and their privies. It follows that the facts stated in the conveyance from Lane to George J. Turner and R. J. Turner were prima facie proved by the introduction in evidence of that conveyance as against the defendant, who received a deed and went into possession of the land under that title. The burden was then shifted upon the defendant, and in order to defeat the action it was incumbent upon him to show that the recital as to one or more of the conveyances was not true. The deed of Lane was evidence for him as well as against him; and if he had shown that either Ashby, the original grantee, Clare, Manifee, or Hodges had never transferred the certificate, and that he had acquired the title of either by the statute of limitation, he would have been entitled to a judgment, unless we should hold him estopped, which we are not now prepared to do." The defendant had failed to show these facts, and judgment was therefore against him. So this case does not, as we understand it, either reject or affirm the doctrine of estoppel by recitals in deeds.

However, if the instrument from Towns to Wallace was admissible against appellees at all, the decision of the question before us would be the same, whether it estopped Towns and his privies or was only prima facie evidence.

It is clear that as against Towns and his heirs, and other parties holding under him, the instrument would have been admissible, and sufficient at least to make a prima facie case. But appellees claim that they were strangers to the document, and therefore not to be affected by it. The attitude in which the case stood when the paper was offered was this: The evidence showed legal title in Towns, with appellants seeking by this document to show that their ancestor had acquired title from or with him to an interest in it; and appellees, by their objection, standing on their possession and asserting the title to be still in Towns. Any transaction the effect of which would be to vest Towns' title to the land or a part of it in appellants was, for the mere purpose of deraigning title, admissible, though it might appear to be entirely between Towns and Wallace, and although appellees may not have been parties to it. The mere fact that appellees would not be bound by such transaction would not render it inadmissible to prove title in appellants through Towns, for a deed of conveyance or a judgment between Wallace and Towns would not estop them unless they claimed under it.

There is no doubt that the authorities all say that a recital in a deed does not estop strangers to it, but only parties and their privies in blood, in estate, or in law. Washburn, after stating this rule, adds: "But a person in possession, sustaining his possession by no other title than a denial that a former owner had parted with his right, is not a stranger. He becomes privy in estate to him whose title he maintains, and is concluded by what destroys it in his hands. For, if title can be traced by B to A, and B can fasten upon A the incapacity of asserting his right in consequence of his admission that he has conveyed to B, it is not just that one standing on A's claim only, and relying on no superior right, should be permitted to contest the existence of a fact which those interested have settled." 3 Washb. Real Prop., secs. 49, 50. He refers to Kinsman v. Loomis, 11 Ohio St., 478, and other authorities.

Bigelow states the same proposition (Estoppel, p. 280), and refers to the same case without criticism.

In that case one of the deeds in plaintiff's title recited the execution of another deed necessary to complete the chain. The deed thus recited was not otherwise shown. The defendants showed no paper title, but stood upon their possession, claiming, as do the appellees here, that the recital did not bind them, and did not, as against them, prove the former deed. But the court held that it did, and, after using the language above quoted from Washburn, adds: "The law therefore wisely attaches the disability of A to all who maintain his title, and permits such estoppels to be used

not merely defensively, but to sustain actions of ejectment.    2 Hill Abr., 401.

"The present case affords a proper application of these rules. The sole defense consists in maintaining an outstanding title in Swift; but a fact is shown by Swift's admission which proves this title has no existence, and that the estate has passed to plaintiff, an admission which binds not Swift only and his heirs and assignees, but all who seek protection under the shelter of his name."    11 Ohio St., 479.

These expressions are so applicable to this case and dispose so fully of the question before us, that we need add nothing to them. We do not wish to be understood as holding, however, that appellees are estopped by the recital in Towns' deed from showing any defense to the action or any title to the land. We mean only to decide that the instrument can be used to deraign title from Towns.

There is another view of that document which equally entitles appellants to use it as evidence. It recites that the subscriber and Wallace are the joint equal owners of the land, and the evidence as it stood at the trial shows that the absolute legal title was in Towns. The effect of the deed was therefore to acknowledge that Towns was holding the land to the extent of one-half in trust for Wallace. The instrument was good as an acknowledgment or declaration of a trust.

"There is no particular formality required or necessary in the creation of a trust, and the statute of frauds will be satisfied if the trust can be manifested or proved by any subsequent acknowledgment by the trustee, as by an express declaration, or any memorandum to that effect, or by letter under his hand, or by his answer in chancery, or by his affidavit, or by a recital in a bond or deed, or by a pamphlet written by the trustees."    2 Perry on Trusts, sec. 82.

"But if there is an absolute conveyance of the legal title to the supposed trustee, and there is no declaration of a trust prior to or at the time of the conveyance by the grantor, and the cestui que trust attempts to charge the grantee with a trust in respect to the land, he must produce some writing signed by the grantee of the legal title in order to charge him with the trust."    Perry on Trusts, sec. 83.

Pomeroy (2 Equity Jurisprudence, sec. 1007) says:    "When the trust is not created in and by the instrument of conveyance, it may be sufficiently declared and evidenced by the trustee to whom the land is conveyed or who becomes the holder of the legal title; and this may be done by a writing executed simultaneously with or subsequent to the conveyance, and such writing may be of the most informal nature."

Numerous illustrations of the doctrine, in adjudged cases, are given by these authors. The one most nearly in point, which we have examined, is in Insurance Company *v.* Campbell, 95 Illinois, 267, in which the holder of an absolute deed to land gave written notice, signed by her, that it

in fact belonged to a named beneficiary. The court held this a sufficient declaration of the trust.

We therefore conclude from these authorities, that even if we should hold that by the deed the legal title to one-half the land did not pass from Towns to Wallace by estoppel, that instrument is still sufficient to show an equitable title in Wallace to such half, and that this would be sufficient to entitle appellants to recover, until appellees show some superior right.

This makes it unnecessary to pass upon the ruling as to the tax deed: Had the deed from Towns to Wallace been properly excluded there would have been no reversible error in ruling out the tax deed. It did not show that defendants held under Towns; and if it had, appellants could not connect themselves with him without the instrument we have been considering. The rule as to common source had no application. No other facts were shown that would have given effect to the tax deed in appellants' favor.

Because of the error of the court in excluding the instrument from Towns to Wallace, the judgment is reversed and the case remanded.

*Reversed and remanded.*

Delivered November 3, 1892.