## OTIS v. HATFIELD. (No. 9680.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 12, 1921.)

**I. Discovery ⬅70—Reading of interrogatories by notary unnecessary, if deponent reads them.**

Where plaintiff before trial propounded interrogatories to defendant, and, on defendant's refusal to answer after reading, the interrogatories were receivable at trial as confessed, under Vernon's Sayles' Ann. Civ. St. 1914, art. 3685, and, there being evidence that defendant read over the interrogatories at the time he was requested to answer them, it was unnecessary for the notary to read them to him.

**2. Discovery ⬅70—Notice in interrogatories unnecessary that failure to answer was confession.**

One is presumed to know the law, and the failure of interrogatories to state that, if unanswered, they stood as confessed was unobjectionable.

**3. Discovery ⬅64—Failure of clerk to place file mark on deposition attached to commission harmless.**

In an action for money converted, where plaintiff applied for a commission to take defendant's deposition, interrogatories being left with the clerk at the time the commission was filed and attached to the commission, the placing of the clerk's file mark only on the commission attached to the deposition, and not to the deposition, did not suppress the deposition on objection.

**4. Discovery ⬅64—Not necessary to give notice of filing interrogatories or serve copy.**

Vernon's Sayles' Ann. Civ. St. 1914, art. 3682, provides that it is not necessary to give notice of the filing of interrogatories or serve copy on the adverse party and where plaintiff in an action for money converted had authority under article 3680, to take defendant's deposition there was no injury to defendant by the failure to file original letters with the clerk and have the clerk issue com-

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

mission and attach it to copies of the interrogatories.

**5. Principal and agent ⬅➡79(4)—Petition held sufficient to charge fraudulent conversion of money in procuring oil lease renewal.**

In an action for money converted, a petition alleging that defendant, volunteering to help in procuring a renewal of an oil lease for plaintiff, falsely stated that it would take $1 an acre, and that plaintiff relying on the representations, delivered the money to defendant, who procured such renewal at 50 cents an acre, and converted the difference, *held* to show defendant's statements were made before plaintiff parted with his money, and sufficient to support an action of fraud.

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Action by D. D. Hatfield against H. J. Otis. Judgment for plaintiff, and defendant appeals. Affirmed.

Kirby, King & Keeble, of Abilene, for appellant.

Dallas Scarborough, of Abilene, for appellee.

BUCK, J. In this case defendant resided at Abilene, Tex., and plaintiff resided at Yukon, W. Va. Plaintiff was the owner of an oil and gas lease on 3,048½ acres of land in Taylor county. By a mistake the plaintiff overlooked the payment of his rentals when they were due. The rentals were 25 cents per acre. The defendant was an acquaintance of the plaintiff, and had acquired the acreage for the plaintiff in the first instance, and the defendant volunteered to help get the leases reinstated. After the defendant had investigated the matter he reported to plaintiff that it would take $1 per acre to renew the lease; the plaintiff, relying upon these representations, sent the money to defendant for the renewal at $1 per acre. Defendant really renewed the lease for 50 cents an acre. When the plaintiff found out that defendant had misrepresented to him the price at which he could secure the renewal, and that he had appropriated to his own use and benefit the $1,524.25, he wrote the defendant a number of letters concerning the matter, and defendant wrote plaintiff several letters. In certain of these letters from defendant to plaintiff, defendant acknowledged that he had renewed the lease at 50 cents an acre, while accepting from plaintiff $1 an acre therefor, and had appropriated the $1,524.25 to his own use and benefit.

[1] Plaintiff filed suit in Taylor county against defendant for the recovery of the amount which defendant had converted. Before the trial, he propounded to defendant certain interrogatories, in which the letters from the defendant to plaintiff were set out in full, in which letters defendant acknowledged that he had appropriated the amount named. Plaintiff applied for a commission to take the defendant's ex parte deposition, and the commission was issued to E. B. Sayles, a notary public. When Sayles approached the defendant, he told him that he had a commission to take his deposition, and would like to have his answers to the interrogatories attached thereto. He told the defendant that, if he did not want to answer them at that time, he could answer them later if he wished. Defendant replied that he would read them over, then, and he did read them over; then he said he would not answer them, and the notary made a certificate to his refusal and they were filed in court, and upon trial they were offered in evidence by the plaintiff as confessed, under article 3685, V. S. Tex. Civ. Stats. Plaintiff then rested, and defendant did not offer any testimony nor offer to explain or deny his refusal to testify. He did file a sworn denial that the interrogatories were read over to him by the notary, and moved the suppression of the notary's certificate. We do not think that, where the evidence is plain that the witness, a party to the suit, read over the interrogatories at the time he was requested to answer them, it is necessary for the notary to do a useless thing and read them over to the witness. 13 Cyc. § 18, p. 953, and authorities cited. The purpose of the rule requiring that the interrogatories and the answers be read over to the deponent before he signs the deposition is that he may know what questions he has been asked, and whether the answers given are correct. 18 C. J. p. 698, § 238.

[2, 3] Nor do we think that the objection urged should be sustained that neither the commission nor the interrogatories contained any notice to the witness that upon his failure to answer the questions, they would be taken as confessed. This provision is statutory, and one is presumed to know the law. Nor do we think that the fact that the district clerk placed his file mark only upon the commission attached to the deposition, and not to the deposition itself, renders such deposition subject to be suppressed. It is conceded that the interrogatories were left with the clerk at the time the commission was filed, and were attached to said commission. 18 C. J. p. 719, § 302; Fire Ass'n of Philadelphia v. Masterson et al., 83 S. W. 49, 50.

[4] Inasmuch as the plaintiff had the authority, under article 3680, V. S. Tex. Civ. Stats., to take the deposition of the defendant without notice, we can see no injury to the defendant by the failure to file the originals with the clerk and have the clerk issue the commission and attach it to copies of

the interrogatories. Article 3682, V. S. Tex. Civ. Stats., provides that it shall not be necessary to give notice of the filing of interrogatories or to serve a copy thereof upon the adverse party in this kind of proceeding.

[5] Nor do we think that the assignment directed to the action of the court in overruling defendant's general demurrer to plaintiff's petition, on the ground that the action was one in fraud, and that nowhere in the petition did the plaintiff allege that the defendant had made to plaintiff a materially false statement prior to the time plaintiff had parted with his money, should be sustained. It is evident from the petition that the statement alleged to have been made by the defendant that it would take $1 an acre to secure the renewal of the lease was made prior to the parting with the money. Plaintiff's petition alleged:

"That heretofore, to wit, on or about the 18th day of November, 1919, the plaintiff was the owner of a certain oil lease on 3,048½ acres of land situated in Taylor county, Tex.; that by mistake the plaintiff failed to pay renewal on said lease in time, and the defendant Otis volunteered to help get the lease reinstated, and the defendant Otis falsely and fraudulently stated that it would take $1 an acre renewal of said lease, and that the plaintiff, relying upon and believing said representations to be true, delivered to the defendant the sum of $3,048.50 with which to pay said renewal, but that, in truth and in fact, the landowner agreed to renew said lease at 50 cents per acre, and the defendant did pay the landowner, W. H. Ellinger, and wife, C. Ellinger, the said sum of 50 cents per acre, and did falsely and fraudulently represent to plaintiff that he had paid to the said Ellinger the said sum of $1 per acre; and, by reason of said false and fraudulent statement, the defendant acquired the possession and delivery of said sum of $3,048.50, and the defendant falsely and fraudulently converted to his own use and benefit and embezzled a sum of $1,524.25, to plaintiff's damage in the said sum of $1,524.25, with 6 per cent. interest from the date said fund was illegally misappropriated."

We think this petition, as against a general demurrer, is sufficient to support an action of fraud.

The evidence sustains the material allegations of plaintiff's petition, and shows that, in addition to appropriating the $1,524.25, defendant subsequently presented a bill to plaintiff for $250 for his services and expenses incurred in the securing of the renewal of the lease.

We think this is a case where the judgment should be affirmed, with 10 per cent. damages. Therefore we overrule all assignments of error, and affirm the judgment, with 10 per cent. damages.