**FRANKLIN v. SMITH et al.   (No. 8548.)***

(Court of Civil Appeals of Texas. Galveston. June 18, 1924. Rehearing Denied Oct. 9, 1924.)

1. **Adverse possession ⬅︎85(3)—Evidence held to justify finding of intention to claim land.**

Evidence *held* to justify finding that defendant entered upon and held land, title to which he claimed by adverse possession, with intention of claiming it, and not under belief that it belonged to state.

2. **Adverse possession ⬅︎109—Limitation title not defeasible by· gratuitous acknowledgment subsequent to its acquisition.**

Act of one claiming title to land by limitation, in acknowledging he was tenant of record owner of land, and that of his wife, in contracting with owner to purchase it, could not destroy the title theretofore acquired and perfected by limitation.

3. **Discovery ⬅︎70—Court's refusal to· take interrogatories as confessed held proper.**

Court's refusal to take ex parte interrogatories as confessed *held* proper, where party to be examined never saw them or had knowledge of their import, though subpœnaed to appear and answer "certain oral interrogatories."

4. **Appeal and error ⬅︎706(1)—Denial of new trial for newly discovered evidence not disturbed.**

In action to recover lands, denial of plaintiff's motion for new trial for newly discovered evidence based on theory that prior to defendant's amended answer, filed on day of trial, plaintiff did not know what land defendant claimed, will not be disturbed where plaintiff does not show when original answer was filed or that it did not claim same land described in amended answer.

5. **Costs ⬅︎47—Plaintiff claiming title to land entitled to costs where defendant pleaded not guilty and plaintiff recovered portion of land claimed.**

Where plaintiff sued to recover certain lands and defendant failed to disclaim as to any portion thereof but pleaded not guilty, thus compelling plaintiff to litigate his title to all portions, and plaintiff recovered portion of land sued for, costs of both trial court and on appeal will be taxed against defendant.

On Motion for Rehearing.

6. **Estoppel ⬅︎110—Trespass to try title ⬅︎35(1)—Customary allegations in trespass to try title sufficient to authorize proof of facts establishing title and not necessary to plead estoppel.**

The customary allegations in trespass to try title are sufficient to authorize proof of any fact tending to establish plaintiff's title, and where recovery is sought on theory of estoppel it is not necessary to specially plead the facts of estoppel.

7. **Estoppel ⬅︎76 — One not estopped from claiming title by limitation, where acts did not induce another to purchase.**

Defendant was not estopped from claiming title to land by limitation because he had acknowledged himself as tenant of record owner of land, and his wife had contracted to purchase it, where plaintiff did not have knowledge of such acts at time of his purchase and was not induced thereby to purchase the land.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Action by Harrison Franklin, trustee, against Ed. L. Smith and another. From a judgment granting only part of relief asked, plaintiff appeals. Reformed and affirmed.

Baker, Botts, Parker & Garwood, Rodman S. Cosby, and Homer L. Bruce, all of Houston, for appellant.

Lewis Wood and Leon Weinberg, both of Houston, for appellees.

LANE, J. This suit was originally instituted by Harrison Franklin, trustee, on the 9th day of September, 1922, against Ed. L. Smith and J. M. Frost, Jr., to recover certain lands described as being a part of what is known as the Irvington addition to the city of Houston, and more fully described by block and lot numbers. Appellee Smith filed his amended answer, upon which he went to

---

trial, on the 19th day of April, 1923, consisting of a general demurrer, special exceptions, general denial, a plea of not guilty, and a plea of limitation of 10 years to 3.94 acres of the land sued for by appellant, which he described by metes and bounds, and also describes it as being a part of the Irvington addition to the city of Houston and as a part of the land described in the plaintiff's petition. Appellee Frost adopted the answer of Smith. On the 19th day of April, 1923, appellant Franklin filed his trial amendment and alleged that he and one Will Powers owned the land sued for jointly, and that he (appellant) was trustee for convenience only. It was shown that the record title to the land sued for was in appellant as alleged by him. The only matter in controversy was as to whether Smith had title to the land claimed by him under the 10-year statute of limitation.

The cause was tried before a jury upon the sole issue, that is, as to whether or not Ed. L. Smith had peaceable and adverse possession of the land described in his answer, cultivating, using, or enjoying the same for a period of 10 consecutive years between the year 1902 and September 21, 1914. To the issue so submitted the jury answered that Smith did have such adverse possession for 10 years between the dates mentioned. Upon the verdict of the jury the court rendered judgment for appellant for all the land described in his petition, except so much thereof, and that part thereof, as is included and embraced within the boundaries of the land described in defendant's answer, which was by the judgment awarded to defendant Ed. L. Smith. From the judgment so rendered Harrison Franklin has appealed.

[1] By his first assignment appellant contends, substantially, that as it is shown by the undisputed evidence that appellee Smith took possession of the land claimed by him under the belief that it was vacant land, his possession and holding thereof was not an adverse possession and holding as against appellant, the true owner, and therefore the court erred in not rendering judgment for him upon his request therefor.

More clearly stated, appellant's contention is that if Smith took possession of the land he claims in 1902, he did so believing it to be state land, and that since under such belief he remained in possession of the same up to 1914, and that he was not during that time claiming it, and could not, as a matter of law, claim and hold adversely to the state so as to get title thereto by limitation, such holding was not such adverse holding as would ripen into title by limitation as against the true owner.

While it is true that appellee Smith did say in his testimony that he was told by a Mr. Moore that the land was vacant land and that no one had title thereto, he also testified that when he entered upon it he intended to acquire it by limitation and make it his home. We do not think that a fair construction of the testimony of Smith compels a finding that he meant to say that he thought the land was state land at the time he took possession of the same in 1902, or at any time since said date. Therefore the cases cited by appellant, in which it was held that where one goes into possession of land under the belief that the same belongs to the state, his possession is not such adverse holding as would give him title by limitation against the true owner, so long as he holds under such belief, have no application, in view of the evidence and finding of the jury, to the present case. We think the court and jury had the right to find from the testimony of Smith that he entered upon and held the land with the intention of claiming it against any and all persons who might lay claim thereto. We therefore overrule appellant's first contention.

Appellant's second contention is that since appellee Smith claims title by limitation to certain land which he has described by metes and bounds in his answer and cross-action, and since there is no evidence to show that the land so described is any part of the land sued for by appellant, the court erred in not instructing a verdict for appellant as requested.

We think a complete answer to the foregoing contention is that if it be conceded that neither the answer nor cross-bill of appellees, nor the evidence, show that the land claimed by and adjudged to appellee Smith is any part of the land sued for by appellant, then the judgment of the court gave appellant all the land he sued for, as by the judgment appellant is awarded title to all the land described in his petition except such part thereof as was shown to have been covered by the claim of appellee Smith. We think, however, that it is shown by the evidence that the land described in appellee's answer is a part of the land described in plaintiff's petition.

[2] By his third and fourth propositions appellant contends that since it was shown by the undisputed evidence that on the 21st day of September, 1914, appellee Smith executed an instrument whereby he acknowledged that he was a tenant of those owning the record title to the land he now claims by limitation, and since it was shown that appellee's wife had thereafter contracted with such owner to purchase a part of said land, appellee Smith is estopped from claiming title by limitation.

We think an answer to the two propositions is: First, that the facts so asserted by appellant as constituting an estoppel were not pleaded; and, second, that it having been shown that appellee Smith had perfected his title by limitation prior to the execution of the acknowledgment of tenancy, and prior to the proposed purchase by

his wife, such acknowledgment and proposed purchase would not affect the title so acquired by limitation. Such acts on the part of Smith and wife could not serve to destroy their title theretofore acquired and perfected by limitation. Limitation title, like all other sorts of titles, cannot be defeated by a mere gratuitous acknowledgment that takes place subsequent to its acquisition. Harris et al. v. Mayfield (Tex.. Com. App.) 260 S. W. 835; Illg v. Garcia, 92 Tex. 257, 47 S. W. 717; Bartell v Kelsey (Tex. Civ. App.) 59 S. W. 633; Erickson v. Wiper, 33 N. D. 193, 157 N. W. 592; Wallace v. Pruitt, 1 Tex. Civ. App. 231, 20 S. W. 728; Morgan v. White, 50 Tex. Civ. App. 318, 110 S. W. 491; Cook & Co. v. Barnhart (Tex. Civ. App.) 147 S. W. 662.

[3] By his fifth proposition appellant insists that the court erred in refusing to take as confessed certain ex parte interrogatories prepared by his counsel to be propounded to appellee Smith.

The court heard evidence on the motion to take such interrogatories as confessed, and, after such hearing refused the motion. We have examined the evidence offered upon the motion, and we are unprepared to hold that the trial court erred in overruling the motion. It was shown that the depositions were filed on the 17th day of April and were placed in the hands of Mr. Leach, a notary who was also a deputy sheriff. Leach saw appellee Smith on the 17th and introduced himself and told Smith that he had some depositions for him to answer and that he had brought his typewriter so as to take his answers. Smith told Leach that he wanted to see his lawyer before answering the interrogatories, and Leach told Smith that he had the right to see his lawyer before making answers. Leach had a form of subpœna in his pocket which he filled out and gave to Smith and told him to be at his office at 11 o'clock on the 18th day of April. Smith said he would be at the office at the appointed time. The subpœna served upon Smith was as follows:

"To the Sheriff or Any Constable of Harris County—Greeting: You are hereby commanded that you summon Edward L. Smith, of Harris county, Texas, to be and appear before me, a notary public in and for Harris county, Texas, at the courthouse on the corner of Fannin street and Preston avenue, in said county, on the 18th day of April, 1923, at 11 o'clock a. m., then and there to make their answers, under oath, to certain oral interrogatories to be propounded to them, now in my possession, issued out of the Fifty-Fifth judicial district court of Harris county, Texas, in a certain suit pending in said court No. 101668, wherein Harrison Franklin, trustee, is plaintiff and Edw. L. Smith is defendant, and that you continue their attendance from day to day until discharged by me. Herein fail not, but have you then and there before me at my said office this writ, with your return thereon, showing how you have executed the same.

"Witness my official signature at Houston, Texas, this the 17th day of April, 1923. [Signed] C. L. Leach, Notary Public in and for Harris County, Texas.".

Appellee was not shown the questions to be propounded, nor was the deposition given to him to show to his lawyer. Appellee took the subpœna to his lawyer and asked him if he was compelled to respond to the demand of the same, and was informed that as the subpœna was for the purpose of having him submit to an oral examination and was for that purpose insufficient, he need not respond. The lawyer did not know, however, that Smith had promised to respond.

It is evident, we think, that neither Smith nor his lawyer ever saw the interrogatories and had no knowledge of the import of the questions to be propounded. In overruling the motion, the trial court said he construed the subpœna served on Smith as a subpœna requiring Smith to appear for an oral examination, and that under all the circumstances he would not receive the interrogatories as confessed. As already said, we are not prepared to hold that the trial court abused his discretion in refusing to accept the interrogatories as confessed, but, to the contrary, we think that under the facts shown the ruling of the court was correct.

The cases of Harrell v. Kemper 44 Tex. 421, Friend v. Miller, 62 Tex. 177, and Otis v. Hatfield (Tex. Civ. App.) 235 S. W. 978, cited by appellant, were all cases in which it was shown that after the deponent had been informed of the nature of the interrogatories and had been requested to answer them, he had refused to do so; hence they do not apply to the facts of the present case, as in this case it was not shown that Smith had any knowledge of the nature of the interrogatories.

[4] By his sixth proposition appellant contends that the court erred in not granting his motion for a new trial on the grounds of newly discovered evidence.

It is the contention of appellant that he did not know exactly, prior to the filing of appellees' answer, what part of the property claimed by appellant was being claimed by appellee, or the nature of his claim. He asserts that appellee's first amended answer was not filed until the day on which the case went to trial. He does not show, however, when the original answer was filed; nor is it shown that by said original answer appellee Smith did not assert title by limitation to the same land he described in his first amended answer. In the absence of such showing, we are justified in assuming that by said original answer of appellee he did describe the same land as that described in his first amended answer, and that he did thereby assert title by limitation, as the only title asserted by him at any time, so far as shown, was one of limitation. We think the

answer does clearly show that the land described therein was a part of the land claimed by appellant, that it clearly advised appellant what land was being claimed by appellee, and that he was claiming title under the 10-year statute of limitation. Such being the case, appellant was not put upon notice that appellee would no doubt offer evidence to show where his fences were built in 1902, and that they did embrace the land claimed by him. That appellant did know or anticipate that appellee would offer such proof we think there can be no doubt, and therefore we are not prepared to hold that it was shown that proper diligence was used to get rebuttal testimony  Under the circumstances shown, we cannot say that the court abused its discretion in refusing the new trial on the grounds urged.

[5] By the seventh proposition it is insisted that the court erred in taxing the costs against appellant, in that appellant sought by his suit to recover certain lots and blocks in the Irvington addition, all being described by metes and bounds, and that appellees answered by general denial and not guilty, and that appellant recovered the larger portion of the land he sued for, while appellee recovered that portion thereof only which was described in the answer of appellee Smith and which he claimed by limitation.

We must sustain the last contention. Appellant having sued appellee for all the land described in his petition and appellees having failed to disclaim as to any portion thereof, but upon the contrary having pleaded not guilty, thus compelling appellant to litigate his title to all portions of the land, and as appellant recovered a portion of the land sued for, the costs of the suit should have been taxed to appellee.

It is therefore ordered that all costs of the trial court and of this court be taxed against appellees, and that the judgment as so reformed be affirmed.

Reformed and affirmed.

On Motion for Rehearing.

One ground urged by appellant for recovery of the land sued for by him as trustee on appeal is that as it was shown by the undisputed evidence that appellee Smith did, on the 21st day of September, 1914, execute and deliver to one F. F Arnim a written instrument to the effect that he was holding the land sued for as a tenant of Arnim, and since it was also shown that appellee's wife had, after the delivery of such instrument, contracted in writing with F. F. Arnim and Will Powers for the purchase of a portion of said land, appellee Smith is estopped from claiming title by limitation, notwithstanding he had, before the execution of said instrument, perfected his title by the 10-year statute of limitation, in that after said instru-

ment had been executed, he (appellant) had purchased said land from Geneva Bank for himself and as trustee for Will Powers.

In passing upon such contention we stated in our original opinion that as appellant, who was plaintiff in the trial court, had not pleaded the facts constituting his supposed estoppel, he could not recover upon such grounds. In other words, that appellant could not recover upon the theory of estoppel because the facts upon which he relied were not pleaded.

[6] Upon further consideration, upon motion for rehearing, we have reached the conclusion that we were in error in the holding above mentioned. It was not necessary to specially plead the facts of estoppel to entitle appellant to recover. The customary allegations in case of trespass to try title are sufficient to authorize proof of any fact tending to establish the title of the plaintiff. Blumenthal v Nussbaum (Tex. Civ. App.) 195 S. W. 271; Edwards v. Barwise, 69 Tex. 84, 6 S. W. 677.

[7] But as there is no evidence showing, or tending to show, that at the time appellant purchased the land from the Geneva Bank he or Will Powers had any knowledge of the instruments hereinbefore mentioned, or that they or either of them were induced to purchase from the bank by reason of said instruments, appellant was not entitled to recover title by estoppel

Having corrected the error in our original opinion as indicated, which was pointed out in appellant's motion for rehearing, and there being no other error in said opinion, the motion in all other respects is overruled.

Overruled.