## MAURITZ et al. v. THATCHER.

### No. 10956.

Court of Civil Appeals of Texas. Galveston.

April 18, 1940.

Rehearing Denied May 16, 1940.

Rose & Sample and S. G. Sample, all of Edna, for appellants.

Eugene J. Wilson, of Houston, for appellee.

MONTEITH, Chief Justice.

This is an appeal in an action in trespass to try title brought by appellants, T. N. Mauritz, Fred Mauritz, and Harry Mauritz, plaintiffs in the trial court, against appellee, Charles W. Thatcher, defendant below, to recover the title to and possession of Lots Nos. 10 and 11, of five acres each, in Block No. 3 of the Schwind

and Mahers Addition to Francitas Farms in Jackson County, Texas.

Appellants pled a formal suit in trespass to try title. They relied for recovery on and introduced in evidence a chain of title from an agreed common source into themselves.

Appellee answered by a plea of not guilty and specially pled the ten year statute of limitation, Article 5510, Revised Civil Statutes. He relied entirely as his defense upon his adverse possession of the property in controversy.

One special issue was submitted to the jury, that of adverse possession under the said ten year statute of limitation. The jury answered said issue in favor of appellee. Based on this verdict, the court rendered judgment in favor of appellee for the title to and the possession of the land sued for, and denying the relief sought by appellants.

At the conclusion of the evidence appellants moved for an instructed verdict and after the return of the jury's verdict they presented a motion for judgment non obstante veredicto. Both motions were overruled, to which action of the trial court they assign error.

By deed dated October 19, 1922, John C. Emigh, the then owner of the two lots in question, conveyed them to his son John Z. Emigh. John Z. Emigh conveyed said lots to R. J. Miller, who conveyed said lots to appellants. In 1911 appellee purchased Lots Nos. 12 and 13 in said Block No. 3, adjoining Lots 10 and 11, and used and occupied said Lots 10 and 11 in connection with said Lots 12 and 13 as a tenant and agent for his father-in-law, John C. Emigh.

He built a house on said Lot 11 and occupied it until the year 1917 under the mistaken impression that he was occupying said Lot 12. When he discovered his mistake he moved said house to other property owned by him.

Appellee testified that he had cultivated and occupied said Lots 10 and 11 continuously since 1911 but that he did not claim said two lots until 1921 or 1922, when he learned that his father-in-law, John C. Emigh, had disposed of them.

The jury having found on what we deem to be sufficient evidence that the two lots in controversy had been continuously claimed, used and occupied by appellee, either in person or through tenants, for a period of ten years prior to the filing of this suit, the question then to be determined in this appeal is whether the acts of appellee, in his assertion of his claim to said two lots, were sufficiently open, notorious and inconsistent with the title of the then owners thereof, under all of the circumstances in the case, to raise the inference of notice to the record owners that his claim thereto was hostile to their interest or from which the jury might rightfully presume such notice.

The court gave the customary definitions and instructions as to "peaceful", "adverse", and "continuous" possession of the property in controversy in connection with the issue submitted to the jury as to adverse possession. At the request of appellants, he also gave the jury the following instruction defining the term "hostile": "You are instructed that by the term 'hostile' is meant an occupancy of the premises under a holding by the possessor as owner, and therefore against all other claimants of the land."

It is the settled law in this state that a tenant cannot dispute the title of his landlord by setting up a title either in himself or in a third person during the existence of his tenancy until such notice of a termination thereof is given to the landlord as amounts to an actual disseizin. Limitation upon an adverse possession in a case of this kind begins to run from the time of such notice of a termination of tenancy. It is not necessary, however, that actual notice of an adverse holding and disseizin be given to a co-tenant or owner. Such notice may be constructive and will be presumed to have been brought home to the co-tenant or owner when the adverse occupancy and claim of title to the property is so long-continued, open, notorious, exclusive and inconsistent with the existence of title in others, except the occupant, that the law will raise the inference of notice to the co-tenant or owner out of possession, or from which a jury might rightfully presume such notice. It is held that reputation of the claim of a co-tenant and notice thereof may be shown by circumstances and that a jury may infer such facts from long continued possession of the land under claim of ownership and non-assertion of claim by the owners. Moore et al. v. Knight et al., 127 Tex. 610, 94 S.W.2d 1137; Illg v. Garcia, 92 Tex. 251, 47 S.W. 717; Rae v. Baker, Tex.Civ.

App., 38 S.W.2d 366; Williams v. Pure Oil Co., Tex.Civ.App., 49 S.W.2d 846.

■ Since the jury and the trial judge have, upon sufficient evidence, resolved not only the issue as to appellee's claim, use and occupancy of the two lots in question for the statutory period of time, but have resolved the issue as to the sufficiency of the notice of his claim of ownership thereof to the record owners, regardless of whether we would have decided these issues in the same manner, the trial court's findings on said issues are conclusive and binding on this court, and appellants' contentions in this respect must be overruled.

■ Appellants assign error in the failure of the court to submit the following special instructions to the jury:

"You are instructed that if at the time of the conveyance of the land involved in this suit by John C. Emigh to John Z. Emigh, if it was so conveyed, the defendant, Charles W. Thatcher, was in possession of such land, and that he, the said defendant, at such time, recognized the said John C. Emigh as the owner thereof, if he did so recognize him, the continued possession of such land by defendant thereafter, if such possession was continued, did not become adverse in the said defendant against the said John Z. Emigh, or any one claiming under him, unless and until the said Thatcher repudiated his recognition of the title to said land of the said John Z. Emigh, or any one claiming under him, if he did repudiate same, and brought, if he did so, to the notice of the said John Z. Emigh or any one claiming under him, defendant's repudiation of such recognition and of the assertion by defendant of an adverse claim, if any."

"You are instructed that if at any time after John Z. Emigh took conveyance of the property in question from his father, John C. Emigh, if he did so obtain conveyance thereof, and before John Z. Emigh conveyed said property to R. J. Miller, if he did so convey same, the defendant had charge of the land in question either as the tenant or as the agent of the said John Z. Emigh, his possession, use or enjoyment of said property would not thereafter become adverse to the said John Z. Emigh during the latter's ownership of said lands, until defendant renounced such agency or tenancy, if he did so renounce

same, and the said John Z. Emigh had notice of such renunciation, if he did have notice thereof."

Appellants did not request of the trial court any special findings and did not prepare and request the submission of issues as to the relationship of the parties or as to notice to the record owners of the lots in question of a repudiation of appellee's claim thereto.

The above requested instructions are, in our opinion, in no sense the explanations and definitions of legal terms referred to in Article 2189, Revised Statutes of 1925, but are charges on the law of the case and for that reason were properly refused by the trial court. Standard v. Texas Pacific Coal & Oil Co., Tex.Civ.App., 47 S.W.2d 443; Gulf C. & S. F. R. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Mahone v. Bowman, Tex. Civ.App., 70 S.W.2d 323; Harris v. Thornton's Dept. Store, Tex.Civ.App., 94 S.W. 2d 849; National Indemnity Underwriters of America v. Washington, Tex.Civ.App., 119 S.W.2d 1071.

■ Appellants complain that reversible error was committed by attorney for appellee in his argument before the jury, to the effect that appellee's claim under the ten year statute of limitation was not less commendable from a moral standpoint than appellants' purchase of lands near the property in question at tax sales which had been previously owned by people who were too poor to pay their taxes. The record shows that appellants' attorney in his opening argument to the jury had stated that he was not the keeper of the conscience of appellee's wife who had testified in appellee's behalf as to his adverse possession of the land in question. The trial court sustained both the objections urged by appellee's counsel to appellants' argument and that urged by appellants' counsel complained of, and instructed the jury not to consider either argument.

Under the record presented we do not think the argument complained of was so prejudicial or inflamatory that the instruction from the court did not cure the error, if any, caused thereby.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

Affirmed.