W. C. RAU, Jr., Appellant,

v.

Mrs. Bernice CHRISTY, Individually and as Independent Executrix of the Estate of Ross Christy, Deceased, Appellee.

No. 4262.

Court of Civil Appeals of Texas.

Waco.

Oct. 15, 1964.

Markwell, Stubbs, Decker & Dalehite, Galveston, Bob Owen, Alvin, for appellant.

Barker, Barker & Coltzer, Galveston, for appellee.

WILSON, Justice.

Judgment in this non-jury trespass to try title case was rendered for appellee as plaintiff and cross-defendant.

Appellant Rau was the record owner of an undivided one-half interest in the land in question, the other one-half interest being owned by his kinsmen, the Junemanns. Appellee Christy became a tenant of the land under lease from the Junemanns for the two-year period, 1946 to 1948, according to the unchallenged finding of the trial court. There is nothing in the record to show he was not thereby a tenant also of Rau, who was a tenant in common. In 1948 one of the Junemanns, as agent, was named grantee in deeds from the other Junemanns to their "right, title and interest" in the land, and he thereupon executed a deed to the tenant Christy purporting to convey the entire title. Appellee Christy asserts title by adverse possession under the five and ten year statutes.

■ It is Christy's position that the conveyance to him by Junemann, who was actually in the position of a cotenant, purporting to convey the entire common property, when followed by actual adverse possession, amounts to a disseizin of the other cotenant, appellant Rau; and that the recording of the conveyance followed by possession constitutes notice to Rau of repudiation of the cotenancy. Such decisions as Republic Production Co. v. Lee, 132 Tex. 254, 121 S.W.2d 973, 978 and cases there cited are relied on.

This rule is inapplicable where the grantee's original entry is as a tenant. In the latter situation the recording of the deed and possession by the tenant "would not be evidence of an adverse holding, or the repudiation of the tenancy." Udell v. Peak,

70 Tex. 547, 7 S.W. 786, 788. See Houk v. Kirby Petroleum Co., Tex.Com.App., 65 S.W.2d 496, 499; Achille v. Baird, Tex.Civ.App., 361 S.W.2d 439, writ ref. n. r. e.

■ If Christy's possession is regarded as a continuation of his original tenancy, he was tenant of all cotenants, including Rau, and he was not permitted to set up title in himself until notice of termination or repudiation of the tenancy is given to the landlord. Killough v. Hinds, 161 Tex. 178, 338 S.W.2d 707, 709; Vasquez v. Meaders, 156 Tex. 28, 291 S.W.2d 926, 929; Robinson v. Smith, 133 Tex. 378, 128 S.W.2d 27. If he is regarded as having succeeded to the status, rights and duties of the Junemanns as Rau's cotenant, yet having entered as a tenant, Christy was required also to first show notice of repudiation of the cotenancy relationship. In the absence of actual notice, as here, constructive notice to the other cotenant must consist of acts of such clear and unequivocal nature and notoriety and be so distinctly hostile to his rights that the intention to disseize is clear and unmistakable. Poenisch v. Quarnstrom, Tex., 361 S.W.2d 367, 370; Phillipson v. Flynn, 83 Tex. 580, 19 S.W. 136.

Appellant says there is no evidence to support the court's findings to the effect that constructive notice of repudiation and the required adverse possession was established, and that he was entitled to judgment. He says, also, the evidence is insufficient.

Appellee points first to what is termed public knowledge of Christy's claim of ownership. Testimony of this came from six witnesses who testified that Christy had told them he had bought the land, or was its owner. These included two who were Christy's employees, one who was his neighbor across the road, one who was his partner in a hay business, another, a weekly visitor whose relationship was "closer than ordinary friendship." Only one of these attempted to estimate the time at which Christy made the asserted statements. The

evidence, in our view, falls far short of the required showing of notoriety.

Christy's "activities" are suggested as constituting conduct from which constructive notice may be inferred. The building of a barn is relied on. The barn was not on the land in suit, but was built on adjacent land. The building of a fence is urged. It replaced an older one which "wasn't too good a fence." These acts were inconsistent neither with tenancy nor possession which is presumed in right of common title for the joint benefit of all tenants in common. Killough v. Hinds, 161 Tex. 178, 338 S.W.2d 707, 710; 11–A Tex.Jur., Cotenancy, Sec. 31, p. 517; 15 Tex.Jur.2d, Sec. 28.

■ The evidence establishes Christy began using the land as a tenant for use in operation of a dairy in 1945. He continued to so use it until 1952. It was then farmed by him with other land for five years, and was thereafter used for pasturage of livestock. These are the purposes for which the land had always been used. There is nothing about this use which could constitute notice of repudiation of tenancy or claim that his possession was not in right of common title. If Christy's acts "are susceptible of explanation consistent with the existence of the common title then such acts cannot be such as to give constructive notice to the cotenants out of possession." Todd v. Bruner, Tex., 365 S.W.2d 155, 160. See Killough v. Hinds, above.

■ Payment of taxes by Christy is urged. "Possession and payment of taxes on the property do not constitute the assertion of an adverse right." Todd v. Bruner, above; Poenisch v. Quarnstrom, Tex., 361 S.W.2d 367, 369; Phillipson v.

Flynn, 83 Tex. 580, 19 S.W. 136; Alexander v. Kennedy, 19 Tex. 488, 496.

The sole circumstance of "non-claim" by Rau, under these conditions, will not manifest notice of repudiation, in our opinion. He resided over 200 miles from the land at all times. He first learned of the deed to Christy in 1959, three years before institution of this suit. He testified that in 1936 one of the Junemanns, his uncle, asked him what he intended to do with the property, and he "told him nothing at the present time. He said, 'let's leave the property together, because it would be worth more as a larger tract.'" After his discharge from the military service in 1947 Rau again talked to his uncle, a cotenant, and inquired whether anything had been done with the property. He was told, "No, nothing." In Moore v. Knight, 127 Tex. 610, 94 S.W.2d 1137, relied on by appellee, there was evidence of nonclaim in the face of inconsistent acts for 44 years. In Illg v. Garcia, 92 Tex. 251, 47 S.W. 717, also relied upon, the period was 41 years.

■ There is no other evidence pointed to, or which we find that Rau did not claim the interest of a tenant or tenant in common in the property. Appellee asserts Christy was never a tenant of Rau. There is no evidence to support the assertion. The burden of proof on these issues rested upon appellee; not on appellant. Phillipson v. Flynn, 83 Tex. 580, 19 S.W. 136, 138.

In our opinion there is no evidence to support the findings relating to notice. The judgment is reversed, and judgment here rendered that appellee take nothing, and appellant have judgment on his cross-action for an undivided one-half interest in the land in controversy.