**S. C. WALTON et al., Appellants,**

**v.**

**Arlena HARDY, Appellee.**

**No. 4452.**

Court of Civil Appeals of Texas.

Waco.

March 17, 1966.

Rehearing Denied April 7, 1966.

Walter M. Hilliard, Caldwell, Charles C. Smith, Jr., Cameron, for appellants.

George R. Moorman, Brenham, for appellee.

McDONALD, Chief Justice.

This is an appeal by defendants from a judgment in a partition suit, decreeing plaintiff a ½₂ interest in 433.5 acres of land.

Plaintiff Arlena Hardy is the daughter of Vance Walton, deceased, by his (first) marriage with Winnie Hinton. Defendants are Vance Walton's surviving (second) wife and 5 children (by such second wife). The 433.5 acres was community property of deceased's second marriage.

Plaintiff sought partition of her ½₂ interest in the property. Defendants contended plaintiff was not a legitimate child of deceased; and alternatively claimed the land under the 10 year statute of limitation.

Vance Walton died in 1943. Plaintiff's suit was filed May 18, 1964. Trial was to a jury which, in answer to the sole issue submitted, found that defendants had not held exclusive, peaceable, adverse possession of the land in controversy for any continuous 10 year period prior to May 18, 1964.

The trial court rendered judgment decreeing plaintiff ½₂th interest and defendants ¹¹⁄₁₂ths interest in the property, and directed partition accordingly.

Defendants appeal, contending there is no evidence or insufficient evidence to support the jury's finding.

The record reflects that plaintiff was the child of Vance Walton, deceased, by his first marriage; that defendants are the surviving second wife and family of deceased; that deceased died in 1943, and that plaintiff and defendants became cotenants of the property in controversy. After the death of deceased in 1943, defendants were in possession of the property. There is evidence that defendants operated the property for their own benefit after the death of Vance Walton, and held the property adversely to everyone else; that defendants told plaintiff "they were not going to give her anything"; and that defendants denied to plaintiff "that she had an interest in the property." There is also evidence that plaintiff wrote to one of the defendants the first year after Vance Walton died, asking for her part of the land, but did not receive an answer; that plaintiff later asked one of defendants at church at a funeral for her part and he said "I'll see about it"; and that defendants "didn't refuse to give her her part, but they didn't do anything." There is likewise evidence that defendants recognized plaintiff as their sister. In this state of the record the trial court instructed the jury that "plaintiff and defendants were cotenants and possession is presumed to be in right of common title, unless plaintiff in this case has been given notice by the defendants of their repudiation of her right or unless the adverse claim was of such clear and unequivocal notoriety as to charge the plaintiff with notice."

As noted, the jury found that defendants had not been in exclusive, peaceable and adverse possession of the land for any 10 year period prior to suit.

Whether there has been a repudiation of the cotenant's title is a question of fact. 15 Tex.Jur.2d p. 195; Bruni v. Vidaurri, 140 Tex. 138, 166 S.W.2d 81.

Possession of cotenant is presumed in the right of common title and he will not be permitted to claim the protection of the 10 year statute of limitation unless it clearly appears he has repudiated title of his cotenant and is holding adversely. The burden of showing that notice of repudiation of cotenancy relationship has been brought home to cotenants is upon cotenants who assert the statute, and must be of such unequivocal notoriety as to convey to cotenant notice of the adverse claim.

Moreover, statutes of limitation are statutes of repose and are intended to settle and support land titles and are not designed to afford a method whereby some members of a family may appropriate property belonging to a kinsman, and since statutes of limitation as to cotenants are not designed to run in secrecy and silence, notice of repudiation of common title must be clear, unequivocal and unmistakable. Todd v. Bruner, Sup.Ct., 365 S.W.2d 155; Poenisch v. Quarnstrom, Sup.Ct., 361 S.W.2d 367.

We think under the record the jury was justified in believing that defendants had not "brought home" to plaintiff a repudiation of the cotenancy; that the evidence ample to sustain the finding of the jury; and that the judgment is correct. All of defendants' points and contentions have been considered and are overruled.

Affirmed.