**Victor HERNANDEZ et al., Appellants,**

v.

**William G. HERNANDEZ et al., Appellees.**

No. 16526.

Court of Civil Appeals of Texas, San Antonio.

Feb. 4, 1981.

Joe Villarreal, Jr., Villarreal, Levine & Amos, San Antonio, for appellants.

Charles Wetherbee, Jourdanton, for appellees.

## OPINION

KLINGEMAN, Justice.

This is a suit for a partition brought by a number of cotenants of a 70-acre tract of land against Victor Hernandez, Jr. Victor Hernandez, Jr., filed a cross-action in the nature of trespass to try title asserting that he is the owner of the 70-acre tract under the 10-year statute of limitations. All parties are descendants of Victor Hernandez, Sr., and wife, Marta, and claim their title through Victor Hernandez, Sr. Victor Hernandez, Jr., died during the pendency of this suit and his son, Jose C. Hernandez, was substituted as defendant and cross-plaintiff. Trial was to a jury who, in answer to the only special issue submitted, found that appellants have not had the requisite, peaceable and adverse possession to perfect title under the 10-year statute of limitations. Based on such jury finding, the trial court entered judgment that all relief prayed for by appellants be denied. Appellant here is appealing from this judgment.

No dispute exists with regard to the heirship of the descendants of Victor Hernandez, Sr., who is usually referred to in the record as Victor Hernandez and will be so hereinafter referred to. Victor Hernandez was the original patentee of the land, and he and his wife died many years ago. Jose C. Hernandez, the appellant here, is the son of Victor Hernandez, Jr., who was one of the eight children of Victor Hernandez. The other parties are descendants of the other seven children of Victor Hernandez.

Appellant asserts in his points of error: (1) the jury's answer to special issue number one is against the overwhelming weight of the evidence;[1] (2) the trial court erred in excluding the testimony of Victor Rendon and Leonardo Mendoza; and (3) the trial court erred in allowing the testimony of Frederico Cruz with reference to an oral partition.

Article 5510 Tex.Rev.Civ.Stat.Ann., here relied on by appellant requires, among other things, that the party asserting title by limitation must have been in "adverse possession" for a continuous period of ten years. "Adverse possession" as defined in Article 5515, is "actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

■ Where a cotenancy is involved, as here, the burden of proof imposed on the claimant is more onerous. A cotenant may claim adversely to other cotenants only if he has repudiated the cotenancy and notice of such repudiation has been brought home to the other cotenants. *Todd v. Bruner*, 365 S.W.2d 155 (Tex.1963); *Alexander v. Kennedy*, 19 Tex. 488 (1857); *Horrocks v. Horrocks*, 608 S.W.2d 733 (Tex.Civ.App.—Dallas 1980); *Toscano v. Delgado*, 506 S.W.2d 317 (Tex.Civ.App.—San Antonio 1974, no writ); *Walton v. Hardy*, 401 S.W.2d 614 (Tex.Civ. App.—Waco 1966, writ ref'd n.r.e.); *Rau v. Christy*, 383 S.W.2d 957 (Tex.Civ.App.— Waco 1954, no writ). Possession by a cotenant is presumed to be in right of common title. *Todd v. Bruner, supra.*

■ In *Alexander v. Kennedy, supra*, the Court said:

*That the possession of one co-heir or co-tenant is the possession of the other co-heirs, and is taken in trust for their benefit, is an elementary and undisputable principle of law.* But this possession may become adverse to the other heirs, by acts or declarations repelling the presumption that the possession is in the character of a co-heir, and which show clearly a claim of exclusive right. One tenant in common may disseize or hold adversely to another tenant in common; but the hostile intent

---

1. Special Issue No. 1 reads as follows:

    Do you find from a preponderance of the evidence that the Defendant, Victor Hernandez, Jr. (deceased), or his son, Jose C. Hernandez, either in person or through tenant or tenants, have held peaceable and adverse possession of the land in controversy in this suit, cultivating, using, or enjoying the same for any consecutive period of ten (10) years from the 1st day of January, 1930, and prior to January 17, 1978?

    Answer 'Yes' or 'No'.

    We the Jury answer: *No.*

of the possession should be manifested by acts of a more unequivocal character than would be necessary in ordinary cases, where there is no privity of estate between the claimants to the property. [Emphasis added.]

19 Tex. at 492–493. The rule is set forth in *Todd v. Bruner, supra,* as follows:

Insofar as the true owner of property is concerned, there is a vast difference between the notice of adverse claim conveyed by the presence of a stranger in possession and that of a cotenant in possession. It is not unusual for one cotenant to have exclusive possession and make beneficial use of lands for rather long periods of time and ordinarily such use is with the acquiescence of the other cotenants. Cotenancy is a common form of land tenure when owners belong to the same family. This results largely by the operation of the statute of descent and distribution and commonly followed customs and practices relating to the making of devices of lands. The legal presumption follows a generally recognized habit or practice based upon years of observed experience. The statutes of limitation are statutes of repose. They are intended to settle and support land titles and are not designed to afford a method whereby one member of a family may appropriate property belonging to his kinsman. Hence the legal requirement that notice of repudiation of the common title should be clear, unequivocal and unmistakable.

365 S.W.2d at 159–160. Fencing, farming, cultivating and use of the land by one cotenant is not inconsistent with his right as cotenant and is not, of itself, proof of such possession of the property as would start the running of limitations against the other cotenant. *Smith v. Temple Industries, Inc.,* 485 S.W.2d 605 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ). Possession coupled with payment of taxes is not notice to a cotenant of a repudiation of the common title. *Todd v. Bruner, supra; Rau v. Christy, supra.*

The testimony as to adverse possession is chiefly by parties to the suit or members of their families. Victor Hernandez, Jr., the father of Jose C. Hernandez, died before the trial was held. It is undisputed that Victor Hernandez, Jr., lived on the land for many years. Portions of the testimony as to use and possession are hearsay.

Appellant, Jose C. Hernandez, testified in some detail. The essence of his testimony is that he and his father, Victor Hernandez, Jr., lived on the place for over fifty years; that they planted all over the 70 acres; that they ran livestock on the lands; and that his father did not divide the monies derived from the crops. He also testified that he and his father made some improvements on the premises and repaired the fences. He stated that he did not know if his father went with his brothers in 1953 to divide up the property; that his father never told his brothers, Gerardo and Juan Jose, that they could not plant on the land; and that the first he knew of his father ever telling anybody they could not come on to the place was in 1977. In addition to Jose C.'s testimony, there is other testimony that Victor, Jr., lived on the premises all his life and did some farming and ranching on said land or portions thereof.

There is considerable evidence that other coheirs or cotenants also entered on the land and used it. Jose R. Hernandez, a nephew of Victor, Jr., built a house on the premises, drilled a well thereon, planted crops thereon for an extended period of time and built other improvements on the premises. A daughter of Jose R. Hernandez, Maria Briseno, also built a house on the premises and raised crops thereon. There is evidence that other family members were frequently on the premises, and that some ran livestock thereon and did some planting thereon. There is also some evidence that some family members rented portions of such premises to others. There is evidence that some of the family members leased portions of the land under an oil and gas lease.

There is some testimony that Victor Hernandez, Jr., and his brother, Juan Jose Hernandez, had an argument in 1947 concerning something about the property, the nature of which is vague. The only tangible evidence of notice of repudiation of common ownership or cotenancy is testimony that in 1977 Victor Hernandez, Jr., began ordering family members off the land. Shortly thereafter, this suit for partition was instituted.

It is seen that the testimony is in many respects conflicting and disputed. It appears from the record that during various periods of time Victor Hernandez, Jr., exercised certain acts of ownership and dominion of the property such as farming, raising of cattle, construction of some improvements, making some repairs, and paying some taxes.[2] However, there is also evidence that other cotenants performed similar acts of ownership and dominion. These acts of both appellants and appellees are not inconsistent with their ownership as cotenants. The crucial question here involved is whether appellant's acts are of such a clear and unequivocal character as to establish notice of repudiation of cotenancy to the other coheirs, under applicable rules hereinbefore set forth. The actions taken by Victor Hernandez, Jr., up until 1977, when he began ordering family members off the land, are susceptible of explanation consistent with the existence of common title. The evidence of cotenancy is not so clear and unequivocal as to overcome the presumption of possession in right of common title. Appellant failed to meet his burden of establishing title by limitation under the ten-year statute of limitations. Clearly, the jury's answer to special issue no. 1 is not against the great weight and preponderance of the evidence. Appellant's point of error no. 1 is overruled.

█ Appellant, by two points of error, complains that the trial court erred in excluding certain testimony of Victor Rendon and Leonardo Mendoza. Appellant concedes that such excluded testimony is hearsay, but urges that the testimony is admissible as an exception to the hearsay rule to show the state of mind of an occupant or tenant on the lands. While this type of testimony is sometimes admissible, we do not regard the testimony here excluded as so admissible.

Victor Rendon testified that [3] his father had told him of a conversation which allegedly took place between the father and Jose R. Hernandez, the gist of such conversation being that Jose R. Hernandez told the father to knock down some trees somewhere on the place and the father had told Jose that he did not want to because he was not sure that Jose was the owner. The probative force of this testimony, if any, depends on the credibility and competency of some person from whom the witness has received his information, such person not being before the court. The evidence was offered not only to prove that the statement was made but also to prove the truth of the statement. We do not regard the testimony as admissible. The proffered testimony of Leonardo Mendoza is basically of the same character.[4] There is some vague testimony that in some years in the past Leonardo Mendoza and Victor Rendon's father had been tenants as to portions of the acreage involved not particularly identified, one reference being to a 15-acre tract and

2. The testimony as to taxes is not particularly helpful. Jose C. Hernandez testified that his father paid taxes on the entire premises. However, there is testimony to the contrary. There is testimony that some of the family members paid taxes on some portions of the property in various years. The Tax Assessor-Collector of Atascosa County testified from her records, which indicate that over the years the land had been assessed in the name of Victor Hernandez, Victor Hernandez Estate, and Victor Hernandez, Jr., and that for a number of years the property had been assessed in tracts of 8.75 acres to various named heirs.

3. This testimony and that of Leonardo Mendoza appears in the record by Bill of Exceptions.

4. Leonardo Mendoza testified that at sometime in the past he and a person named J. B. De La Garza planted on portions of the property and that De La Garza had told him the property belonged to Victor Hernandez. There is no identification as to the extent of the property he is referring to or just where it is located.

also some testimony that they leased certain portions of the land from some of the co-owners or cotenants. Appellant says that both Mendoza's and Victor Rendon's testimony are admissible under that line of cases such as *Bristol-Myers Co. v. Gonzales*, 548 S.W.2d 416 (Tex.Civ.App.—Corpus Christi 1976), *rev'd on other grounds*, 561 S.W.2d 801 (Tex.1978); *Sanders v. Worthington*, 382 S.W.2d 910 (Tex.1964); *Southern Pine Lumber Co. v. Hart*, 161 Tex. 357, 340 S.W.2d 775 (1960); *Cleveland v. Hensley*, 548 S.W.2d 473 (Tex.Civ.App.—Texarkana 1977, no writ). It is true that under these authorities, in some instances, testimony of an occupant or tenant on the premises in regard to adverse possession is allowed under certain defined guidelines, but we do not regard the testimony here excluded as falling within such guidelines. The testimony is at best of doubtful admissibility.

An examination of the entire record shows that considerable portions of the testimony of Victor Rendon and Leonardo Mendoza were admitted into evidence. In this testimony such witnesses testify in some detail as to the matter of adverse possession by Victor Hernandez, Jr., including community reputation and other matters regarding the type and extent of ownership and possession of Victor Hernandez, Jr. There is also other testimony in the record of this nature. No reversible error is shown if the excluded evidence is of the same general nature or character or relates to the same issue as other evidence in the record. The testimony here excluded adds little, if anything, to other evidence in the record pertaining to the same matters.

■ If there was any error in excluding such testimony, it was harmless error. To obtain a reversal of a judgment based upon an error of the trial court in admission or exclusion of evidence, appellant must first show that the trial court's determination was in fact error, and second, that the error was reasonably calculated to cause and probably did cause rendition of an improper judgment. *Aultman v. Dallas Railway & Terminal Co.*, 152 Tex. 509, 260 S.W.2d 596

(1953); *Southwestern Greyhound Lines, Inc. v. Dickson*, 149 Tex. 599, 236 S.W.2d 115 (1951); *Otto v. Otto*, 438 S.W.2d 587 (Tex.Civ.App.—San Antonio 1969); *Wilson v. City of Port Lavaca*, 407 S.W.2d 325 (Tex.Civ.App.—Corpus Christi 1966, writ ref'd n.r.e.); Tex.R.Civ.P. 434.

The record as a whole does not afford any reasonable basis for the belief that the exclusion of the evidence complained of by appellant was reasonably calculated to cause and probably did cause the rendition of an improper judgment.

■ Appellant's last point of error complains that the trial court erred in allowing testimony of Frederico Cruz in reference to an oral partition. Frederico Cruz was a cousin of Victor Hernandez, Jr., a cotenant, and a party to the suit. He was allowed to testify as to a meeting in 1953 between himself, Victor Hernandez, Jr., Gerardo Hernandez, and Juan Jose Hernandez. The gist of such testimony is that at such a meeting a proposed partition of the property was discussed between the co-owners and that Victor Hernandez, Jr., made no contention that he owned all of the property, but stated he wanted the others to have their ⅛th interest, and expressed the desire that his ⅛th interest be where his mother's house was. We find no error of the court in admitting this testimony. Such testimony was admissible to show that Victor Hernandez, Jr., recognized the rights and interests of the other cotenants.

Appellant objected to this testimony on the ground that a proper predicate had not been laid and that in order for evidence of an oral partition to be introduced, it must first be shown that all cotenants agreed to a partition. He also objected on the grounds that it was hearsay. As hereinbefore indicated, we regard such testimony admissible as evidence that one of the cotenants, Victor Hernandez, Jr., recognized the rights and interests of the other cotenants. While it is perhaps true that in order for an oral partition to be binding all cotenants must agree, this is not a suit to enforce an oral partition and no issues were submitted to the jury regarding oral partition.

We find no reversible error in admitting such testimony into evidence.

All of appellant's points of error have been considered and all are overruled. Finding no reversible error, we affirm the judgment of the trial court.